UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 5:09-CR-253-F

ROBERT LEE McQUEEN,      )
              Petitioner,      )
                               )
        v.                     )              **O R D E R**
                               )
UNITED STATES OF AMERICA,      )
              Respondent.      )

This matter is before the court on Robert Lee McQueen's pro se motion [DE-137] seeking a copy of transcripts of the jury selection, opening and closing arguments, and jury charges from the trial of his case in 2010. His convictions were affirmed by unpublished opinion [DE-44]. *See United States v. McQueen*, No.10-5107 (4th Cir. Sept, 9, 2011). This court's docket does not reflect whether he petitioned the Supreme Court for a writ of certiorari. There are no other motions pending in this case.

Section 753(f) of Title 28, United States Code addresses the circumstances under which documents may be provided to indigent criminal defendants at government expense. Section 753(f) provides in pertinent part that the United States shall pay the fee for a transcript to be furnished to a person permitted to bring an action under § 2255 *in forma pauperis* "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit. . . ." 28 U.S.C. § 753(f).

> We think that the formula devised by Congress satisfies the equal protection components of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a . . . free transcript which it offered in the first instance. . . . The basic question is one of adequacy of respondent's access to procedures for review of his conviction. . . and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public funds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented.

\* \* \* \*

> Had the District Court here been confronted not with merely a conclusory allegation, but with some factual allegations indicating a denial of respondent's [constitutional rights], the court might have concluded that such a claim was not frivolous, and further decided that a free transcript should be furnished pursuant to § 753(f).

*United States v. MacCollum*, 426 U.S. 317, 325-36 (1976) (citation omitted) (footnote omitted).

Because there is no constitutional requirement that an indigent defendant be supplied free transcripts (or other court documents) in order to collaterally attack a conviction or sentence, the defendant must show a "particularized need" for the documents. *See id.* at 323-30; *Morin v. United States*, 522 F.2d 8, 9 (4th Cir. 1975); *Jones v. Superintendent, Virginia State Farm,* 460 F.2d 150, 152-53 (4th Cir. 1972).

The Rules Governing Section 2255 Proceedings require only that the petitioner "state the facts supporting each ground" for relief. *Id.*, Rule 2(b). A § 2255 motion should not attempt to discuss case law or to make specific reference to the court record or transcript. If appropriate on a later day, discovery thereafter *may* be available in the § 2255 proceeding. *Id.*, Rule 6.

McQueen has failed to state why he needs a transcripts of the jury selection process, the lawyers' opening and closing arguments, and the jury charges from his trial, and therefore has failed to demonstrate a "particularized need" therefor. An indigent petitioner is not entitled to transcripts at government expense "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). *In fact, absent a showing of particularized need, the jury selection process, the lawyers' arguments, and the jury charge ordinarily are not even transcribed for trials before the undersigned, and counsel are so notified in writing.*

2

Because McQueen has failed to show a particularized need for the requested transcripts, his motion [DE-137] seeking a copy thereof is DENIED without prejudice to renew his motion upon a proper showing, as detailed herein.

SO ORDERED.

This, the 27th day of January, 2012.

James C. Fox

JAMES C. FOX
Senior United States District Judge