IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-253-BO

UNITED STATES OF AMERICA    )
                            )
v.                          )                    O R D E R
                            )
ROBERT LEE MCQUEEN          )


This cause is before the Court on defendant's motion for compassionate release pursuant

to 18 U.S.C. § 3582(c)(1)(A). [DE 241]. The government opposes compassionate release. [DE

252]. A hearing on the matter was held before the undersigned on October 25, 2019, at Raleigh,

North Carolina at which defendant, his appointed counsel, and counsel for the government

appeared. For the reasons that follow, defendant's request for compassionate release is granted.

## BACKGROUND

Defendant, McQueen, was sentenced to 169 months' imprisonment after being found guilty

of heroin distribution and a firearms charge in 2010. [DE 109]. In August 2015, his sentenced

was reduced to 148 months' imprisonment. [DE 210].[1] McQueen is now seventy years old and

has served more than nine years in custody. His current projected release date is March 11, 2020.

See https://www.bop.gov/inmateloc/ (last visited Oct. 31, 2019).

McQueen suffers from a number of health conditions, including, among other things,

rheumatic heart disease, polyneuropathy, diabetes, Bell's palsy, and Parkinson's disease.

---

[1] Senior United States District Judge James C. Fox presided over this matter until its reassignment
to the undersigned on October 1, 2018.

McQueen requested early release from the warden on December 26, 2018. More than thirty days elapsed before he filed the instant motion.

DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule applies where a defendant qualifies for a reduction in his sentence due to certain age or health factors, often referred to as compassionate release. 18 U.S.C. § 3582(c)(1)(A). Prior to the passage of the First Step Act on December 21, 2018,[2] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the Bureau of Prisons (BOP). Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)-(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A).

The commentary to section 1B1.13 of the United States Sentencing Commission's advisory *Guidelines Manuel* provides criteria for determining whether extraordinary and compelling circumstances are present. U.S.S.G. § 1B1.13, comment. n.1. These criteria generally concern the age, medical condition, or family circumstances of the defendant. In addition to considering whether extraordinary and compelling circumstances are present, in order to determine that a

---

[2] Pub. L. 115-391, 132 Stat. 5194.

reduction in sentence is warranted a court must further consider the 18 U.S.C. § 3553(a) factors to the extent they are applicable and determine whether the defendant is a danger to the safety of another person or the community as provided in 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

The government first disputes that McQueen exhausted his administrative remedy because his filing with the BOP indicates that he requested release from the warden based upon elderly release and not compassionate release. McQueen's request to the BOP for elderly release pursuant to Section 603 of the First Step Act, *see* 34 U.S.C. § 60541, has been granted, and McQueen is currently serving the remainder of his term of imprisonment in home confinement. In light of this, McQueen's appointed counsel has asked this Court to review McQueen's request under Section 603 of the First Step Act as one for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court declines to treat the administrative exhaustion requirement as stringently as the government suggests, and will construe McQueen's *pro se* administrative request liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to conclude that he has exhausted his administrative remedy.

The government's argument that, because he is serving the remainder of his sentence in home confinement, McQueen is ineligible for a reduction in his sentence pursuant to § 3582 is also without merit. The BOP's decision to allow McQueen to serve the remainder of his term of imprisonment in a setting other than a federal correctional institution does not change the fact that McQueen is continuing to serve his sentence of imprisonment. Indeed, the BOP would have no authority to convert McQueen's remaining sentence from one of incarceration to one of probation or to determine that McQueen is ready to begin serving his term of supervised release. In other words, McQueen is continuing to serve the sentence of imprisonment imposed by this Court

3

irrespective of the location in which he is serving it, and therefore is eligible for modification of his term of imprisonment pursuant to 18 U.S.C. § 3582(c).

The Court further finds that McQueen's age, medical conditions, and the amount of time he has served satisfy the criteria for demonstrating extraordinary and compelling circumstances. McQueen is more than sixty-five years old, he has served at least seventy-five percent of his sentence, and he is experiencing a serious deterioration in his physical health due to the aging process. U.S.S.G. § 1B1.13 comment. n.1(B). The fact that any of McQueen's ailments associated with aging may have been foreseeable when the Court imposed a lengthy term of imprisonment need not preclude their being considered here. U.S.S.G. § 1B1.13 comment n. 2. The Court is further unpersuaded that McQueen, in light of his current age and serious medical conditions, would pose a danger to any other person or the community if he were to be released. McQueen had no infractions while in the BOP, and the BOP determined that McQueen was eligible for home confinement, thus concluding he would not be a danger if released.

McQueen's offense conduct was serious, but he has served a lengthy sentence of incarceration that the Court determines is sufficient to serve the goals of specific and general deterrence, to protect the public, to reflect the seriousness of his offense, and to promote respect for the law. 18 U.S.C. § 3553(a). His behavior while serving his sentence supports this conclusion. McQueen also has family support, including a wife of forty-eight years. An additional five months of custody are simply unnecessary under these circumstances to satisfy the goals of sentencing.

## CONCLUSION

For the foregoing reasons, the motion to amend and the motion for compassionate release [DE 241 & 242] are GRANTED. McQueen's sentence is hereby REDUCED to a term of

4

imprisonment of time served and no term of supervised release. All other provisions of the original

judgment remain in full force and effect.


SO ORDERED, this **31** day of October, 2019.


_TERRENCE W. BOYLE_
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

5